**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

AMY B.,[1]

        Plaintiff,

        v.

FRANK BISIGNANO,[2]

        Defendant.

CIVIL ACTION NO. 1:24-CV-02091

(MEHALCHICK, J.)

**ORDER**

Presently before the Court is a report and recommendation filed by Magistrate Judge Leo A. Latella recommending that the decision of the Commissioner of Social Security (hereinafter, "the Commissioner") denying Plaintiff Amy B.'s claims for a period of disability benefits under Title XVI of the Social Security Act be vacated and remanded. (Doc. 20). No objections have been timely filed to the report. Having reviewed the reasoning of the report and relevant law, the Court will **ADOPT** it in its entirety. (Doc. 20).

"A district court may 'designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition' of certain matters pending before the court." *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011) (quoting 28 U.S.C. § 636(b)(1)(B)). Within fourteen

---

[1] Consistent with Judge Latella's decision to conceal Amy B.'s name in accordance with the Judicial Conference of the United States's recommendation to refer to social security appeal plaintiffs by their first name and last initial, the Court will refer to the Plaintiff as Amy B. (Doc. 20, at 1 n.1).

[2] The Court agrees with Judge Latella's finding that the previous Commissioner of Social Security, Martin O'Malley, should be substituted with the current Commissioner of Social Security, Frank Bisignano. (Doc. 20, at 1 n.2); *see Kentucky v. Graham*, 473 U.S. 159, 166 n.11 (1985) (stating "[i]n an official-capacity action in federal court, death or replacement of the named official will result in automatic substitution of the official's successor in office").

days of being served a report and recommendation, "any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." 28 U.S.C. § 636(b)(1). When a party timely files objections, the district court is to conduct a *de novo* review of the challenged portions of the Magistrate Judge's findings unless the objection is "not timely or not specific." *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir.1984); 28 U.S.C. § 636(b)(1). The Court may then "accept, reject, or modify, in whole or in part, the findings and recommendations." 28 U.S.C. § 636(b)(1). "Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper." *Rahman v. Gartley*, No. CV 3:23-363, 2024 WL 555894, at *1 (M.D. Pa. Feb. 12, 2024) (citing *United v. Raddatz*, 447 U.S. 667, 676 (1980)).

The Court agrees with the report's sound reasoning and discerns no error of law. Accordingly, **IT IS HEREBY ORDERED THAT** the report (Doc. 20) is **ADOPTED IN ITS ENTIRETY** as the opinion of the Court. The decision of the Commissioner is **VACTED,** and this matter is **REMANDED** to the Commissioner to fully develop the record, conduct a new administrative hearing, and appropriately evaluate the evidence. The Clerk of Court is **DIRECTED** to **CLOSE** this case.

**Dated: February 27, 2026**

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States District Judge**